Tsering v. Lynch

BIA
Balasquide, IJ
A087 469 141/142/143

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

DOLMA TSERING, TSERING DORJEE,
TENZIN CHOEDEN,
> *Petitioners,*

v.                                          15-2356
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Michael Lehach, New York, NY.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General; Emily
                          Anne Radford, Assistant Director;
                          Craig A. Newell, Jr., Trial
                          Attorney, Office of Immigration
                          Litigation, United States
                          Department of Justice, Washington,
                          DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioners Dolma Tsering (hereinafter Tsering), Tsering Dorjee, and Tenzin Choeden seek review of a July 15, 2015, decision of the BIA affirming a March 11, 2013, decision of an Immigration Judge ("IJ") denying Tsering's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dolma Tsering, Tsering Dorjee, Tenzin Choeden,* Nos. A087 469 141/142/143 (B.I.A. July 15, 2015), *aff'g* Nos. A087 469 141/142/143 (Immig. Ct. N.Y. City Mar. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., we do not consider the finding that Tsering had firmly resettled in India, which the BIA declined to reach. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In making an adverse credibility determination, the agency may, "[c]onsidering the totality of

2

the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. We grant the petition and remand because, under the totality of the circumstances, the agency made errors in arriving at its finding that Tsering was not credible as to her claim that she is a national of China.

"The determination of an alien's nationality or lack thereof is a threshold inquiry in determining the alien's eligibility for asylum. This is because an alien is eligible for asylum if . . . she has a well-founded fear of persecution in her country of nationality, regardless of where she was living before coming to the United States, and regardless of whether the government seeks to remove her to some other country." *Dhoumo v. BIA*, 416 F.3d 172, 174 (2d Cir. 2005).

In finding Tsering not credible as to her nationality, the agency reasoned that her Indian Identity Certificate listed her place of birth as India and she failed to provide evidence to corroborate her contradictory claim of Chinese nationality.

However, Tsering proffered a witness to corroborate her Chinese nationality, but the IJ declined to hear the witness because the Government agreed to accept as fact that Tsering is originally from the Tibetan region of China. The IJ relied

3

chiefly on Tsering's Indian Registration Certificate. The Government, however, had been given a copy of the certificate before the Government made its concession. Moreover, a United Nations report in the record corroborated Tsering's consistent testimony that, like many Tibetan refugees in India, she paid for an Indian Registration Certificate outside official channels in order to obtain an Identity Certificate listing her as an Indian national, which permitted her to travel outside of India. The IJ thus erred in rejecting Tsering's claim of Chinese nationality on credibility and lack of corroboration grounds after he declined to hear her witness and without considering reliable corroborating evidence in the record.* *See* 8 U.S.C. § 1229a(b)(4)(B) ("[T]he alien shall have a reasonable opportunity to . . . present evidence on the alien's own behalf . . . .").

Alternatively, the IJ found that, even if Tsering is a national of China, she had firmly resettled in India such that she was ineligible for relief from removal. But the BIA did not reach that alternative ground, so it does not stand as a basis for denying Tsering relief. *See Xue Hong Yang*, 426 F.3d

_____

* In addition to the UN report, the record includes Tsering's son's U.S. birth certificate, which corroborates Tsering's nationality claim and contradicts the IJ's finding that Tsering "has repeatedly held herself out to be a native of India, and only in her asylum claim does she suggest otherwise." C.A.R. 102.

4

at 522; *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Because Tsering's nationality was a threshold determination for asylum, the agency's errors in deciding that issue require remand. *See Dhoumo*, 416 F.3d at 175 ("If petitioner was a Chinese national, then the appropriate inquiry for the IJ would have been, primarily, not one into past occurrences in India, but into whether petitioner had a well-founded fear of persecution in China.").

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk